NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-731

THOMAS J. AVERETTE

VERSUS

THE BURLINGTON NORTHERN SANTA FE RAILWAY CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 83,444
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, J. David Painter, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**

Raymond M. Allen
Allen Law Office
Post Office Box 3204
Lafayette, LA 70502
(337) 232-9918
COUNSEL FOR PLAINTIFFS/APPELLANTS:
      Thomas J. Averette
      The Gray Insurance Company
      Supreme Contractors, LLC

**Lawrence N. Curtis**
**Attorney at Law**
**Post Office Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Thomas J. Averette**

**Carol Stookey Hunter**
**Jeannie C. Prudhomme**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State of Louisiana, Thru The Department of Transportation and**
**Development**

**John Edmund McElligott, Jr.**
**Kevin M. Dills**
**Davidson, Meaux, Etc.**
**Post Office Box 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**BNSF Railway Company**

**F. Douglas Wimberly**
**Cloyd, Wimberly & Villemarette**
**Post Office Box 53951**
**Lafayette, LA 70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Acadia Parish Police Jury**

**Henry Harvey LeBas**
**Todd Anthony Delcambre**
**Glynn Shelly Maturin, II, Esq.**
**LeBas Law Office**
**201 Rue Iberville, Ste 600**
**Lafayette, LA 70508**
**(337) 236-5500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Supreme Contractors**
**The Gray Insurance Company**

**Elena Arcos Pecoraro**
**Attorney at Law**
**600 Jefferson Street, Ste 810**
**Lafayette, LA 70501**
**(337) 266-2233**
**COUNSEL FOR DEFENDANT APPELLEE:**
**BNSF Railway Company**

**EZELL, Judge.**

This court, on its own motion, issued a rule for the plaintiff-appellant, Thomas J. Averette, to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a non-appealable, interlocutory order. In addition, the defendants-appellees, the State of Louisiana, through the Department of Transportation and Development (DOTD), and the BNSF Railway Company (BNSF), filed a joint motion to dismiss the appeal. For the reasons expressed in this opinion, we dismiss the appeal.

This suit arises out of a collision between Mr. Averette's truck and a train. Made defendants were DOTD and BNSF, as well as the Parish of Acadia. In the course of this litigation, BNSF and DOTD filed separate motions in limine and motions for an evidentiary preemption hearing. Following a contradictory hearing on these motions, the trial court granted the relief sought by BNSF and DOTD. The judgment signed by the trial court on January 19, 2012, reads, in pertinent part:

> THIS COURT FINDS that BNSF and DOTD carried their burden of proving all elements of the federal preemption defense set forth in *Norfolk Southern Railway Co. v. Shanklin*, 529 U.S. 344 (2000) regarding inadequate warning devices claims, including the fact that federal funds participated in the installation of railroad crossbuck signs at the Llama Road railroad crossing, DOT No. 767-842T, prior to the subject incident under Project No. 737-04-14 and that it was uncontested that such warning devices were present and operating at the time of the incident.
> THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Protective Order filed by the La.DOTD is DENIED with respect to Exhibit "B" attached to BNSF's Motion *In Limine* for the reason that those documents pertain strictly to the federal funding of Project No. 737-04-14 and not safety analysis, in accordance with 23 USC Section 409.
> IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Motions *In Limine* filed by BNSF and the La.DOTD are GRANTED, that federal preemption applies with respect to Plaintiff's inadequate warning devices claim and that:
> > a)  Plaintiff, by and through his counsel and all witnesses called or questioned on his behalf, be precluded from in any way arguing, inferring, suggesting, or attempting to introduce any evidence at trial that the passive warning devices present at the Llama Road Railroad crossing at the time of the subject incident were inadequate and/or needed to be replaced or upgraded; and
> > b)  That Plaintiff, by and through his counsel and all witnesses called or questioned on his behalf, be precluded from in any way arguing,

inferring, suggesting, or attempting to introduce any evidence at trial that any other form of warning device should have been installed at the Llama Road railroad crossing prior to the subject incident. This includes but is not limited to all arguments or evidence that any federal, state, or other law/regulation required the installation of additional warning or traffic control devices.

Notice of the foregoing judgment was mailed by the clerk's office on January 20, 2012.

Mr. Averette's counsel filed a motion for an appeal from the above ruling by facsimile filing on March 8, 2012. The trial court granted the order of appeal, and the record in this appeal was lodged in this court on June 29, 2012. As stated above, this court issued a rule for Mr. Averette to show cause why the appeal should not be dismissed, and DOTD and BNSF filed a joint motion to dismiss the appeal based on the appeal having been taken from a non-appealable, interlocutory ruling.

Mr. Averette responded to DOTD and BNSF's motion to dismiss by admitting that the appeal was taken from an interlocutory evidentiary ruling. However, Mr. Averette contends that, in essence, the trial court has effectively dismissed some of Mr. Averette's claims against these defendants. Alternatively, Mr. Averette asks that this court convert the instant appeal into an application for supervisory review and, thereby, consider the merits of the trial court's evidentiary ruling. DOTD and BNSF responded to the Mr. Averette's arguments by pointing out that the judgment is interlocutory since it does not dispose of the merits of any of Mr. Averette's claims, and by pointing out that since the motion for appeal was filed after the expiration of the time for seeking supervisory review, this court should not convert this appeal into an application for supervisory writs.

We find that DOTD and BNSF are correct in both respects. The trial court's ruling which is being appealed does not decide the merits of any of Mr. Averette's claims. Pursuant to La.Code Civ.P. art. 1841, "A judgment that determines the merits in whole or in part is a final judgment." All other judgments are interlocutory.

According to La.Code Civ.P. art. 2083(C), "An interlocutory judgment is appealable only when expressly provided by law." Therefore, we find that Mr. Averette's appeal must be dismissed.

Additionally, as noted by DOTD and BNSF, Mr. Averette's motion for an appeal was filed in excess of thirty days from the notice of the trial court's written judgment. Since an applicant for supervisory review must seek supervisory relief within thirty days of the ruling, we find that the appeal should not be converted into an application for supervisory writs and, instead, should be dismissed. Uniform Rules—Courts of Appeal, Rule 4–3.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.